An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

0IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHATEAU VEGAS WINE, INC., A NEVADA CORPORATION; AND TRANSAT TRADE, INC., A CALIFORNIA CORPORATION,<br><br>          Appellants,<br><br>          vs.<br>SOUTHERN WINE & SPIRITS OF AMERICA, INC., A FLORIDA CORPORATION, D/B/A SOUTHERN WINE & SPIRITS OF NEVADA; AND MAISONS MARQUES & DOMAINES USA, INC., A DELAWARE CORPORATION,<br><br>          Respondents. | No. 64598<br><br>**FILED**<br><br>APR 1 4 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>    DEPUTY CLERK |

## *ORDER DISMISSING APPEAL*

Respondents have filed a "Motion to Dismiss and Requests for Sanctions." As cause for that motion, respondents assert that this appeal was filed in violation of the automatic stay provisions of federal bankruptcy law as appellants had filed petitions for relief Under Chapter 11 of the Bankruptcy Code.[1] Respondents note that they requested appellants to dismiss this appeal, "but they have not done so, nor have they obtained relief from the automatic stay from the bankruptcy court." Accordingly, respondents request that this court dismiss the appeal and

---

[1]The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1).

15-11188

award sanctions under NRAP 38 and "this court's inherent power for filing a frivolous, unauthorized appeal."[2]

Appellants have submitted an "Opposition to Respondents' Motion to Dismiss and Request for Sanctions and Countermotion for Sanctions Against Respondents."[3] In that response, appellants indicate that the bankruptcy court "specifically entered an order allowing Appellants to retain Callister & Frizell for the purposes of taking an appeal," and that they had filed a motion to lift the bankruptcy stay for the purpose of pursuing an appeal; and therefore the filing of the notice of appeal was not improper. Accordingly, appellants request that sanctions be imposed against respondents for filing the "Motion to Dismiss and Requests for Sanctions [in] bad faith."

---

[2]NRAP 38 provides that this court may impose sanctions if it determines that an appeal is frivolous, was taken or processed in a frivolous manner, was taken or processed solely for purposes of delay, or whenever the appellate processes of the court have otherwise been misused.

[3]Cause appearing, we grant appellants' motion, and the errata thereto, for an extension of time to file the response to respondents' motion. See NRAP 27. Accordingly, the clerk shall file the "Opposition to Respondent's' Motion to Dismiss and Request for Sanctions and Countermotion for Sanctions Against Respondents," and "Appellants' Supplement to Their Opposition to Respondents' Motion to Dismiss and Request for Sanctions and Countermotion for Sanctions Against Respondents," which were provisionally received. The clerk shall also file the provisionally received "Respondents' Response to Appellants' Motion for Extension of Time to File a Response to Respondent's' Motion to Dismiss and Request for Sanctions," and respondents' response to appellants' supplement to their opposition to respondents' motion to dismiss. We have considered the arguments of the parties' in all of these documents in the resolution of this matter.

Finally, appellants have submitted a "Notice of Limited Non-Opposition to Respondents' Motion to Dismiss."[4] In that filing, appellants inform this court that the bankruptcy court denied their motion for relief from the bankruptcy stay. In light of that denial, appellants indicate that they "now do not oppose Respondents' motion to dismiss." Appellants still oppose, however, respondents' request for sanctions for the filing of the appeal.

Cause appearing, we grant respondents' motion in part and dismiss this appeal.[5] We do not, however, believe that sanctions are appropriate in these circumstances for either party. That is, it does not appear that the appeal was taken improperly,[6] nor does it appear that respondents filed the motion to dismiss in "bad faith." Accordingly, we deny respondents' and appellants' requests for sanctions.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[4]The clerk shall file that provisionally received document.

[5]This dismissal is without prejudice to the parties' right to file a motion to reinstate this upon conclusion of the bankruptcy proceedings. Any such motion to reinstate the appeal must be filed within 60 days of any order lifting the stay or concluding bankruptcy proceedings.

[6]We also note that it appears that the more appropriate forum to raise any issues regarding alleged violations of the bankruptcy stay would be the bankruptcy court in which the matter is pending.

cc: Hon. Mark R. Denton, District Judge
Ara H. Shirinian, Settlement Judge
Callister & Frizell
Lewis Roca Rothgerber LLP/Reno
Korshak Kracoff Kong Sugano
Eighth District Court Clerk